UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21159-CIV-COOKE

STEADFAST INSURANCE COMPANY,
as subrogee of DUFRY AMERICA, INC.

           *Plaintiff*,

v.

CORPORATE PROTECTION SECURITY GROUP, INC.

           *Defendant*.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

This matter is before me on Defendant Corporate Protection Security Group's Motion to Dismiss Plaintiff's Complaint [D.E. 6], filed June 19, 2007. Plaintiff filed a Response [D.E. 7-1] on July 2, 2007. Defendant filed its Reply [D.E. 9] on July 25, 2007. After reviewing the Motion, I find, for the reasons stated below, that Defendant's Motion should be granted without prejudice.

### *I. BACKGROUND*

Steadfast Insurance Company ("Steadfast") advances causes of action for negligence and breach of contract against Corporate Protection Security Group ("Corporate") as a subrogee of Dufry America, Inc. ("Dufry"). Compl. ¶¶ 8, 16-18. According to the Complaint, a theft occurred while Corporate was retained to provide security services for Dufry America. Compl. ¶ 9. Steadfast alleges that the theft occurred as a result of Corporate's failure to investigate an alarm that sounded on the insured property at the time of the theft and that it was contacted to investigate. Compl. ¶ 10-12. As a result, Dufry sustained approximately $200,000.00 in damages. Compl. ¶¶ 13-18.

Dufry America, however, is not a party to the Service Agreement attached by Steadfast to

the Complaint. Exhibit "A" at 1. Furthermore, the location specified in the contract for Corporate's security services is 107th Avenue and 19th Street, whereas, according to the Complaint, the location insured by Steadfast is 10300 NW 19th Street, Suite 114, Miami, Florida 33172. Compl. ¶¶ 3,8; Exhibit "A" at 1. In light of these discrepancies, Corporate moves to dismiss.

## II. MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to Steadfast, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* To survive a motion to dismiss, a complaint must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

## III. ANALYSIS

Corporate moves to dismiss this case because the Service Agreement does not support Steadfast's causes of action. Mot. to Dismiss at 2. Corporate argues specifically that, since Dufry was not a party to the Service Agreement, and the security service location was not Dufry's business address, the asserted causes of action cannot stand. *Id.* Steadfast responds that, even though it is not a party to the security agreement, it has a claim against Corporate because it is a third party

beneficiary to the Agreement. Response at 4. Under the presented allegations, Steadfast has not stated a cause of action to recover for breach of contract and/or negligence.

### A. The Service Agreement

The Service Agreement attached to the Complaint is central to my determination of the sufficiency of Steadfast's pleadings. Corporate argues that, on a motion to dismiss, a court may consider not only the pleadings, but also the exhibits attached thereto. Mot. to Dismiss at 2. *See Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000). Furthermore, it asserts that, where there is a conflict between allegations in a pleading and the exhibits thereto, the exhibits control. *Wylder v. Bank of America, N.A.*, 360 F.Supp.2d 1302, 1306 n. 1 (S.D. Fla. 2005). *See also Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858, 864 (5th Cir.1953); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940), *cert. denied*, 311 U.S. 685 (1940). Corporate contends that here the Service Agreement is in conflict with the pleadings because of the discrepancies in the party's name and address. Mot. to Dismiss at 2. Steadfast seems to agree that the Service Agreement is controlling to its action, but responds that it is not in conflict with the pleadings because, even though Dufry is not a named party to the agreement, it is a third party beneficiary and, as such, has a cause of action against Corporate. Response at 4.

### B. Third Party Beneficiary Status

In its Response, Steadfast supports its causes of action for breach of contract and negligence against Corporate, asserting that Dufry is a third party beneficiary to the agreement. Response at 4. Steadfast does not, however, plead sufficient factual allegations to sustain that contention. Generally, to maintain a cause of action for breach of a third party beneficiary contract, the party asserting the third party beneficiary status must prove (1) the existence of the contract; (2) clear or manifest intent of the parties that the contract primarily and directly benefits the third party; (3)

breach of a contact by a contracting party; and (4) damages to the third-party resulting from the breach. *Jenne v. Church & Tower, Inc.*, 814 So. 2d 522, 524 (Fla. 4th DCA 2002).

Steadfast has alleged the first, third and fourth elements of the third party beneficiary cause of action, but it failed to provide sufficient factual allegations to satisfy the intent element. Steadfast rightfully states that, in order to infer intent, the third party beneficiary need not necessarily be named in the contract. *See Florida Power & Light Co. v. Mid-Valley, Inc.*, 763 F.2d 1316, 1321 (11th Cir. 1985). The intent may be inferred by the pre-contract and post-contract actions of the parties. *Id.* If the contract does not expressly provide for the third party beneficiary, however, the litigant must clearly show that both parties to the contract intended its beneficiary status. *See Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1003 (11th Cir. 2004). *See also Carreta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. 4th DCA 1994) ("It is insufficient to show that only one party unilaterally intended to benefit the third party").

In *Carreta,* a buyer of a yacht asserted claims against a paint manufacturer. The Fourth District Court of Appeal affirmed the trial court finding that the allegations in the amended complaint failed to establish that the buyer was a third party beneficiary of the contract between the shipbuilder and paint manufacturer. *Id.* at 1031-32. The court reasoned that there were no allegations supporting that the contract expressly intended to directly and primarily benefit the third party. *Id.* at 1031. Additionally, the case did not contain allegations suggesting that the pre-contract and post-contract dealings between the parties revealed the parties' knowledge and intent to benefit the plaintiff. *Id.* at 1032. The Court ruled that dismissal without prejudice is proper in such a case. *Id.*

Steadfast argues that the intent of the parties to benefit Dufry can be "gleaned from the contract itself," and may also be inferred from the pre-contract and post-contract actions of Easton Management and Corporate. Response at 7-8. To support its contention, Steadfast relies on *Goodell*

*v. K.T. Enter., Ltd.*, 394 So. 2d 1087, 1089 (Fla. 1st DCA 1981), where the court allowed the plaintiff to maintain its third-party beneficiary status. The agreement in that case, however, specifically provided that the contracted conveyer unit be shipped to plaintiff-beneficiary. *Id.* at 1088. The contract also provided that "we"(apparently the beneficiary and the contracting party) have decided that the contracting party should take title. *Id.* Further, the pre-contract relationship between the parties showed that the defendant knew of the plaintiff's beneficiary status, and the post-contract relationship supported the same finding. *Id.* Under these circumstances, the court allowed the third-party beneficiary suit, holding that the pre-contract dealings of the parties, the contract itself, and the subsequent dealings between the parties showed that the clear intent and purpose of the contract was to directly and substantially benefit the plaintiff. *Id.* at 1089.

By contrast, the Service Agreement between Easton Management and Corporate does not suggest a third party beneficiary. Even though Steadfast asserts in its Response that Easton Management is a management company for Dufry America, and, as such, was contracting for Dufry's benefit, there are no allegations in the Complaint that Corporate knew of Dufry's beneficiary status. Response at 8. The allegations are insufficient because they fail to show that both Easton and Corporate intended to benefit Dufry. Furthermore, Steadfast failed to explain the discrepancy between the address referred to in the Agreement and the address noted in the Complaint as the insured property. Compl. ¶¶ 3, 8.

The case here is analogous to *Carreta*, where the Fourth District Court of Appeals ruled that the appropriate action of the district court in a situation like this is to dismiss the complaint without prejudice to afford the plaintiff the opportunity to amend its complaint to include allegations supporting its third party beneficiary status. 647 So. 2d 1028, 1032.

The Complaint is factually insufficient as to whether Dufry is a third party beneficiary of the

contract. There is nothing "to raise a right to relief above the speculative level." *Twombly,* 127 S.Ct at 1965. Therefore, Steadfast cannot support a cause of action for breach of contract against Corporate. Additionally, since it is not sufficiently alleged that Corporate contracted to provide services to Dufry, Steadfast cannot show that Corporate owed a duty to Dufry, which is necessary to sustain a negligence cause of action.

### *IV. CONCLUSION*

For the reasons discussed above, it is **ORDERED AND ADJUDGED** that Corporate's Motion to Dismiss [D.E. 6] is granted without prejudice. Steadfast has 20 days to amend its Complaint to support its third party beneficiary status and to address the discrepancies between the Complaint and the contract.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of March 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Stephen T. Brown*
*All Counsel of Record.*